UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

T.D.,

    Plaintiff,

    v.

LA GRANGE SCHOOL DISTRICT NO. 102,

    Defendant.

No. 98 C 2071
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

On remand, I am to determine the amount of attorneys' fees and costs, if any, to be awarded to Plaintiff. Plaintiff, through his parents, seeks fees and costs for the following: his effort to win relief at the administrative level; his pursuit of relief in this Court both before and after settlement; and his defense of Defendant's appeal to the Court of Appeals for the Seventh Circuit.[1] Defendant challenges the timeliness of Plaintiff's petition, the availability of relief beyond the administrative level, and the amount of relief to be awarded.

Defendant first challenges Plaintiff's pursuit of (all) attorneys' fees as untimely, in violation of *L.R. 54.3(b)*, asserting that Plaintiff's motion for fees and costs was filed more than 90 days after the Seventh Circuit's decision affirming in part, reversing in part and remanding this case for further consideration. Generally, a motion for attorneys' fees must be filed within 90 days after the entry of judgment. *L.R. 54.3(b)*. In the Seventh Circuit, a judgment is entered

---

[1] Given the long history of this case, I do not repeat here the facts of the underlying dispute. Those facts were detailed in both *T.D. v. La Grange Sch. Dist. No. 102*, 222 F. Supp. 2d. 1062 (N.D. Ill. 2002) and *T.D. v. La Grange Sch. Dist. No. 102*, 349 F.3d 469 (7th Cir. 2003).

when it is noted on the Seventh Circuit's docket. *Fed. R. App. P. 36(a)*. While Plaintiff's delay in filing the motion may bar recovery for fees and costs associated with the Seventh Circuit appeal, it does not prohibit my consideration, on remand, of Plaintiff's initial motion for fees and costs, which I granted and which was the subject of Defendant's appeal. That initial motion was timely filed, and the opinion of the Seventh Circuit expressly remanded the case for consideration of what fees and costs should be awarded to Plaintiff based on his success at the administrative hearing. *T.D. v. La Grange Sch. Dist. No. 102*, 349 F.3d 469, 482 (7th Cir. 2003).[2]

***Fees and Costs at the Administrative Level***

In response to Plaintiff's initial petition for fees and costs, I awarded Plaintiff 80 percent of $137,679.75 (less a deduction, if any, for administrative tasks) and costs in the amount of $6,991.73. *T.D. v. La Grange Sch. Dist. No. 102*, 222 F. Supp. 2d. 1062, 1067 (N.D. Ill. 2002). That amount was based on my conclusion that "Parents achieved satisfaction on the most important issue, that of placement of T.D. in an appropriate learning environment, and on all

---

[2]I reject Plaintiff's argument that Defendant has lost the right to make objections to Plaintiff's petition for fees. *See* 20 U.S.C. § 1415(i)(3)(G) (party who unreasonably protracts litigation loses right to make certain objections to fees). Plaintiff claims that Defendant made misrepresentations of the record by taking statements out of context in order to mis-characterize the parents' pursuit of relief for their child and by mis-characterizing its own response to parents' demands for relief. Plaintiff argues that it was forced, at great expense, to contest these misrepresentations at each stage of the litigation. Plaintiff also contends that Defendant's refusal to acquiesce to the hearing officers' findings, and its litigation against Plaintiff, in and of itself was unreasonable protraction of the dispute.

I agree with Plaintiff that Defendant's aggressive defense of its position may run counter to the spirit of the Individuals With Disabilities Education Act ("IDEA"), which contemplates non-adversarial proceedings designed to ensure that children are appropriately supported by public schools. However, Defendant's conduct did not unreasonably protract the litigation. Defendant was entitled to disagree with Plaintiff's position, to defend itself against Plaintiff's suit in federal court, and to pursue relief in the appellate court on a matter that I explicitly recognized as a "close issue." *T.D.*, 222 F. Supp. 2d at 1065.

other issues except the issue of reimbursement for the total cost of tuition at the private school."
*Id*. at 1065. I reduced those fees by 20 percent to reflect the Plaintiff's "relative proportion of success." *Id*. at 1066. In its review of the facts of the case, the Seventh Circuit similarly held that "while T.D. did not succeed on every issue at the due process hearing, he did prevail on certain significant issues and achieved at least some of the benefit he sought." *T.D.*, 349 F.3d at 479.

The parties dispute the range of the fees and costs attributable to Plaintiff's efforts at the administrative level; not surprisingly, they also dispute the extent to which Plaintiff should be compensated for his success at this level. Defendant contends that Plaintiff incurred only $14,046.05 in attorneys' fees at the administrative level, insisting that Plaintiff's entitlement to fees for success at the administrative level must end on the date of Plaintiff's hearing with the administrative hearing officer (December 10, 1997). Defendant also contends that the Plaintiff is entitled to only a small portion of those fees and costs, based on Plaintiff's "limited" success at the administrative level.

Defendant attempts to impose a rigid – and flawed – mathematical formula on Plaintiff's success at the administrative hearing, *e.g.*, counting the number of issues on which Plaintiff prevailed as well as the percent of success Plaintiff achieved on each issue.

> Given that T.D. obtained full relief with regard to the case study issue (1/7 of the relief requested or 14.26%) and 22% relief (two months of reimbursement in lieu of the nine month school year requested or 28.57% x 22% = 6.29%) with regard to the reimbursement for the aide and transportation (2/7 of the relief requested), T.D. is entitled to 21% (rounded up from 20.58%) of the fees expended at the administrative hearing ($14,046.05), or $2,949.67.

3

*Def. Resp. Mem.* at 10. Defendant's attempt to minimize Plaintiff's success by arguing that all of the requests for relief in parents' due process request are equal in weight, so that parents could be considered only partly successful on just three of seven issues, is misguided.

As the Seventh Circuit noted, the Supreme Court's decision in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001), did not affect the ability of prevailing parties to recover fees and costs for their efforts at the administrative level. *T.D.*, 349 F.3d at 479. A prevailing party is one which "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, the most significant issues were the parents' request for an evaluation finding T.D. eligible for IDEA services and the finding that the school district failed to provide a free, appropriate public education. Plaintiff's success on these fundamental issues is significant. I therefore decline to adopt Defendant's formula in considering the amount of fees and costs to which Plaintiff is entitled in light of its "substantial success" in the administrative hearing.

Plaintiff seeks fees for work completed up to and including the administrative hearing. Plaintiff also petitions for fees for work subsequent to the administrative hearing, including time spent after the hearing attempting to work with the school district to place T.D. appropriately based on the administrative order, *e.g.*, providing the related services ordered for T.D. as well as the reimbursements to parents and the continued payment of services to be taken over by the school district. Plaintiff would also include within its calculations fees and costs for preparing the complaint it filed in this Court seeking attorneys' fees, costs and the reimbursement ordered by the hearing officer. Plaintiff asserts that all of this work was reasonably necessary and related

4

to the hearing officer's order, and would have been performed even if the parents did not appeal the issues of continuing placement and the private school tuition. Plaintiff claims $36,416.50 in fees plus $600.69 in costs, for a total of $37,017.19. Plaintiff, of course, claims entitlement to 100 percent of these expenses.

I agree with Plaintiff that the fees and costs to which he is entitled do not end on the date of the hearing, but include some of the expenses Plaintiff identified as necessary for securing the benefits ordered by the hearing officer. In light of the Seventh Circuit's decision, however, I cannot agree that Plaintiff is entitled to the expense of preparing the complaint filed in federal court. Finding that *Buckhannon* applied to fee petitions asserted under the IDEA, the Seventh Circuit concluded that the Plaintiff was not a "prevailing party" within the meaning of *Buckhannon*, and therefore was not entitled to fees and costs for its efforts at the District Court level. *T.D.*, 349 F.3d at 478-80.

Therefore, I find that Plaintiff is entitled to 80 percent of its fees and costs related to the administrative hearing, up to and including the hearing on December 10, 1997, and including Plaintiff's efforts to secure the school district's compliance with the hearing officer's decision, but not including its preparation of the federal complaint. That amount will be more than 80 percent of $14,056 (a figure that erroneously excludes some fees incurred after the December 10, 1997 hearing) but not exceeding 80 percent of $37,017.19 (a figure that erroneously includes fees incurred preparing and filing Plaintiff's federal complaint).[3] Despite Defendant's protestations to the contrary, I find no reason to change my earlier decision that Plaintiff is entitled to 80 percent

---

[3] I cannot, based on the record before me, determine the exact amount. Plaintiff is directed to submit a list of fees and costs that correspond to my instructions above; I will enter a final judgment based on those figures.

5

of his fees. The degree of a party's overall success determines the reasonableness of any ensuing attorneys' fees award. *Farrar v. Hobby*, 506 U.S. 103 (1992). No aspect of the Seventh Circuit's decision suggests that this 20-percent reduction does not account appropriately for Plaintiff's substantial yet incomplete success at the administrative level.

*Fees and Costs at the District Court Level*

It is patently clear that the Seventh Circuit's ruling prohibits an award of attorneys' fees and costs to Plaintiff for work pursued at the District Court level. I initially awarded attorneys' fees and costs to Plaintiff after finding that *Buckhannon* did not apply to the case and that Plaintiff was a prevailing party, as required by the statute. However, the Seventh Circuit explicitly ruled that *Buckhannon* does apply to cases filed under the IDEA, and that under *Buckhannon* Plaintiff was not a prevailing party at the district court level.

Plaintiff argues that it is entitled to such fees because the arguments he pursued in federal court were the same arguments he pursued at the administrative level, where he prevailed on "significant issues." *T.D.*, 349 F.3d at 479. Plaintiff contends that "[t]his entire case presented one fundamental legal question: did the school district provide a free, appropriate public education ("FAPE") to TD pursuant to the IDEA, or did parents' alleged preference for a private school education excuse the school district from providing FAPE?" *Pl. Rep.* at 1. Plaintiff implies that his success at the administrative level irrevocably imprints a similar mark of success upon his efforts at each subsequent level in this litigation. That argument cannot be squared with the Seventh Circuit's holding. This is so even though some of the issues for which I initially awarded fees were issues on which Plaintiff was ultimately successful in the Seventh Circuit

6

(e.g., Plaintiff's success on "significant issues" at the administrative hearing level). For these reasons, I deny Plaintiff's motion for fees and costs for its efforts in the District Court.[4]

***Fees and Costs Stemming from Defendant's Appeal to the Seventh Circuit***

Finally, I deny Plaintiff's motion for attorneys' fees and costs for expenses arising from Defendant's appeal of my initial decision to the Seventh Circuit. As Defendant noted, Plaintiff's petition is, in all likelihood, untimely. *L.R. 54.3*; *Fed. R. App. P. 36(a)*. While Plaintiff's most recent petition for fees was essentially a "renewed" petition as it related to fees incurred at the administrative level and in the district court (alternatively, it could be construed as a request that I consider the issues outstanding on remand), the petition was Plaintiff's first with respect to fees incurred at the appellate level. Moreover, I cannot in good faith find that Plaintiff was the "prevailing party" in that appeal. Without question, the most significant issue on appeal was the applicability of *Buckhannon* to cases arising under the IDEA. On this issue, Defendant was successful. *T.D.*, 349 F.3d at 477-78. Defendant also successfully argued that Plaintiff was not entitled to expert witness fees incurred as part of the administrative hearing. *Id*. at 481-82. Plaintiff's successful argument that it was a prevailing party at the administrative hearing, in light of the entirety of arguments presented on appeal, is insufficient to confer upon it the status of prevailing party.

---

[4]This includes, of course, Plaintiff's initial petition for fees as well as its subsequent petition for fees (incurred pursuing its initial petition for fees), on which I did not rule before dismissing the case with prejudice on March 27, 2003.

For these reasons, Plaintiff's Petition for Fees is GRANTED IN PART, in the amount of 80 percent of the fees and costs it incurred at the administrative level, including activities, discussions and negotiations on behalf of Plaintiff with the school district up to the time the federal complaint was filed, but excluding the costs of preparing and filing the federal complaint.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: February 28, 2005